UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street NW<br>Washington, D.C. 20240,<br><br>      Defendant. | Civil Case No. 1:25-cv-1106 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of the Interior ("DOI") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOI's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant DOI is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of records responsive to Plaintiff's FOIA request.

**STATEMENT OF FACTS**

6. On January 17, 2025, Plaintiff submitted two FOIA requests to DOI (Request A and Request B, respectively). Request A (attached hereto as Exhibit A) sought records:

- From January 1, 2023, through the date the request is processed, records of ethics guidance, Stock Act notifications, communications around her negotiations, SF50s, and recusal statements by, for or issued to Tracy Stone-Manning.

- From January 1, 2023, through the date this request is processed, all waivers, impartiality decisions, or authorizations issued to Tracy Stone-Manning exempting her from any part of his obligations as defined in relevant laws, regulations, rules, and/or the Biden Administration's Ethics Pledge, including 18 U.S.C. § 208, 5 C.F.R § 2635.502, and 5 C.F.R. § 2635.503.

- From January 1, 2023, through the date this request is processed, any records of communications between employees of the Office of the General Counsel, as well as any records and communications between the Office of the General Counsel and the above-named employee regarding waivers or authorizations.

Request B (attached hereto as Exhibit B) sought records from January 1, 2023, through the date the request is processed, records of communications between Tracy Stone-Manning and anyone at The Wilderness Society (email domain 'tws.org' and/or 'wildreness.org').

7. On January 17, 2025, DOI acknowledged receipt of Request A (Exhibit A) and assigned it DOI-2025-003128 (attached as Exhibit C).

8. On February 5, 2025, DOI acknowledged receipt of Request B (Exhibit B) and assigned it DOI-2025-003129 (attached as Exhibit D).

9. On January 30, 2025, Plaintiff submitted another FOIA request to DOI.  Request C (hereto attached as Exhibit E) sought records rom November 6, 2024, through the date this request is processed, records of STOCK Act Notifications of Future Employment Discussions or Agreement and Recusal forms filed for Tracy Stone Manning by Department of Interior political appointees found in the agency ethics office.

10. On February 5, 2025, DOI acknowledged receipt of Request C (Exhibit C) and assigned it control number 2025-003410 (attached as Exhibit F).

11. On April 4, 2025, PPT submitted a follow up request to DOI requesting a status update and tracking number.  On April 7, 2025, DOI sought information on how Request C was submitted.  PPT confirmed method of submission and DOI requested PPT to re-submit Request C (Exhibit G).  However, upon checking the DOI's Public Access Link, PPT confirmed a tracking number was assigned to Request C.

12. As of April 10, 2025, DOI has not provided any determination on Plaintiff's Requests A, B, or C, released any responsive records, identified any applicable exemptions, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations, or communicated an estimated date of completion, despite the passage of over 70 days since the requests were submitted. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

13. Defendant has not invoked any "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B) that would extend the 20-day deadline, nor has it provided Plaintiff with an opportunity to modify the request or arrange an alternative timeframe for processing, as required by 5 U.S.C. § 552(a)(6)(B)(ii).

14. The requested records are of significant public interest, as they pertain to potential interactions between a senior DOI official and a special interest group with which she was previously affiliated, raising questions about transparency, ethics, and compliance with federal conflict-of-interest laws.

15. DOI has thus violated its FOIA obligations.

16. Because DOI has failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. PPT's DOI requests discussed above were properly submitted requests for records within the possession, custody, and control of DOI.

26. DOI is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

27. DOI is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

28. DOI's failure to provide all non-exempt responsive records violates FOIA.

29. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOI to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until DOI complies with the requirements of FOIA and any and all orders of this Court.

B) Order DOI to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant PPT other such relief as the Court deems just and proper.

Dated: April 11, 2025                 Respectfully submitted,

                                      PROTECT THE PUBLIC'S TRUST

                                      By Counsel:
                                      /s/ Karin M. Sweigart

                                      Karin Moore Sweigart
                                      D.D.C. Bar ID: CA00145
                                      DHILLON LAW GROUP, INC.
                                      177 Post Street, Suite 700
                                      San Francisco, CA 94108
                                      Telephone: 415-433-1700
                                      KSweigart@Dhillonlaw.com

                                      Jacob William Roth
                                      D.D.C. Bar ID: 1673038
                                      DHILLON LAW GROUP, INC.
                                      1601 Forum Plaza, Suite 403
                                      West Palm Beach, Florida 33401
                                      Telephone: 561-227-4959
                                      JRoth@Dhillonlaw.com

                                      *Counsel for the Plaintiff*